**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 03-0421-PHX-SMM |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Carolyn Ann Harris Reed, ) | |
| Defendant. ) | |

 Pending before the Court is Defendant Carolyn Ann Harris Reed's Second Request to Reset Self Surrender Date. (Dkt. 531.)

 On September 6, 2005, Defendant was ordered to serve a stipulated term of sixty (60) months imprisonment. (Dkts. 502, 505 at 1.) In accordance with that sentence, Defendant was ordered to self-surrender for service of her sentence at the institution designated by the Federal Bureau of Prisons or United States Marshal on November 18, 2005. (Dkt. 505 at 4.)

 In an Order filed November 3, 2005, the Court extended Defendant's self-surrender date from November 18, 2005, to January 10, 2006. (Dkt. 524.) The Order made clear that Defendant's request for extension was granted for only two reasons: (1) a petition to appoint Defendant's mother as guardian of her three children had not yet been granted; and (2) as of October 31, 2005, Defendant still had not been designated for a facility

placement. (Id.) The Order also made clear that Defendant's filing of an appeal and plans to file a Rule 2255 motion did not constitute good cause to extend her self-surrender date.

In the instant Motion, Defendant requests her self-surrender date be extended from January 10, 2006, to February 28, 2006,[1] for four reasons: (1) she has filed an appeal and plans to file a Rule 2255 Motion to Vacate Sentence and needs additional time to obtain transcripts from a sealed hearing; (2) a petition to appoint her mother as guardian for her three children was granted in December, but Defendant needs more time to get her children situated; (3) Defendant needs time to get her son situated in a "therapy/counseling program" scheduled to begin on January 5, 2006, concerning problems he has with Defendant's impending sentence, and Defendant's mother's insurance will not cover the expense; and (4) Defendant's treatment for depression and the management of her stress are relevant to her Rule 2255 Motion to Vacate Sentence. (Dkt. 531.) The Court finds that none of these reasons constitute good cause to extend Defendant's self-surrender date.

Defendant will be able to both file and obtain the documents necessary to support her section 2255 Motion to Vacate Sentence, and to seek medical care for her depression and stress, from her designation within the Bureau of Prisons. Moreover, the Court has provided Defendant ample time – nearly four months from the date she was sentenced – to make the necessary adjustments and accommodations in light of her impending sentence of incarceration.

The Court is well-aware of the fact that terms of incarceration are hardest on the family members of the defendant convicted of any crime. In this case, the Defendant pled guilty and agreed to serve a stipulated sentence of sixty months on January 7, 2005. See Dkt. 360. Despite the certainty that her sentence included a sixty month period of incarceration, the Court continued Defendant's sentencing on four separate occasions, a total extension of nine months, so that she could file objections to the pre-sentence report and get her family responsibilities in order. See

---

[1] Attached to Defendant's Second Request is a December 21, 2005 letter from the United States Marshals Service providing her designation.

1  Dkts. 393, 414, 430, 431, 478.  At the time of sentencing, on September 6, 2005, the Court again
2  advised Defendant of the need to get her affairs in order and her children situated.  (Dkt. 502.)
3  Finally, in November 2005, more than eleven months after Defendant pled guilty to a stipulated
4  sentence, the Court extended Defendant's self-surrender date from November 18, 2005, to
5  January 10, 2006, because a petition to appoint Defendant's mother as guardian of her three
6  children had not yet been granted.  (Dkt. 524.)  The petition for guardianship was approved in
7  December 2005.  (Dkt. 531 at 2.)
8       While the Court is often confronted with sympathetic circumstances, such as the
9  circumstances in the present case, none of the reasons provided by Defendant constitute good
10 cause to reset her self-surrender date.  However, due to the filing of the instant motion, and the
11 time required to evaluate and consider Defendant's request, the Court will provide the Defendant
12 a brief extension of the self-surrender date, but no further extensions will be granted.
13      Accordingly,
14      **IT IS HEREBY ORDERED GRANTING in part, and DENYING in part**,
15 Defendant's Motion to Reset Self Surrender Date (Second Request).  (Dkt. 531.)
16      **IT IS FURTHER ORDERED** that Defendant Carolyn Ann Harris Reed shall self-
17 surrender for service of sentence at the institution designated by the United States Marshal on
18 **January 17, 2006.**
19      **IT IS FURTHER ORDERED** that this Order shall be served on **both** (1) the **United**
20 **States Marshals Service**, District of Arizona, Sandra Day O'Connor Courthouse, Suite 270, and
21 (2) **The Federal Bureau of Prisons by facsimile to (602) 514-7135.**
22      DATED this 4th day of January, 2006.

_Stephen M. McNamee_
Stephen M. McNamee
Chief United States District Judge

- 3 -